## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DENNIS STRUTTON, | ) |
|       Plaintiff, | ) |
| v. | ) No. 4:23-CV-1134 SPM |
| DENISE HACKER, et al., | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint. Having previously granted plaintiff's application to proceed in forma pauperis in this action, the Court will now review the amended complaint under 28 U.S.C. § 1915. After careful review, the Court finds that plaintiff's claims may proceed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Amended Complaint**

Plaintiff is a civil detainee at the Sexual Offender Rehabilitation and Treatment Services Center ("SORTS") in Farmington, Missouri. He brings this action under 42 U.S.C. § 1983 against Denise Hacker (Chief Operating Officer for SORTS) and George Killian (Director of Treatment Services for SORTS). Plaintiff sues defendants in their individual and official capacities.

Plaintiff alleges that defendants wrongfully prohibit him from using the internet. He claims the restriction hinders his ability to research current events, "alters how [he] thinks," forces him to rely upon others to procure certain items, restricts his expression, restricts his personal growth, limits his educational opportunities, and restricts his First Amendment rights. For relief, plaintiff seeks: (1) access to the internet for all SORTS residents, (2) unlimited internet access for all

residents whose offenses do not involve internet usage, (3) a personal laptop, and (4) a subscription to the Great Courses for the duration of his stay in SORTS.

## Discussion

Plaintiff asserts that defendants' restriction on internet usage violates his First Amendment rights. Accepting the allegations as true, the Court finds that plaintiff's amended complaint states a plausible claim to relief.

"The right of freedom of speech and press includes not only the right to utter or to print, but the right to distribute, the right to receive, the right to read and freedom of inquiry, freedom of thought, and freedom to teach[.]" *Griswold v. Connecticut*, 381 U.S. 479, 482 (1965) (citations omitted). The Supreme Court has held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). To determine whether a regulation is reasonably related to a legitimate penological purpose, courts must consider:

> (1) whether there is a valid, rational connection between the regulation and legitimate governmental interests put forward to justify it; (2) whether alternative means of exercising their rights remain open to the prisoners; (3) whether accommodation of the asserted rights will trigger a "ripple effect" on fellow inmates and prison officials; and (4) whether a ready alternative to the regulation would fully accommodate the prisoners' rights at de minimis cost to the valid penological interest.

*Beaulieu v. Ludeman*, 690 F.3d 1017, 1039 (8th Cir. 2012) (citation omitted). This deferential standard recognizes that "running a prison is a difficult task better suited for the legislative and executive branches, warranting judicial deference." *Turner*, 482 U.S. at 85.

While the Eighth Circuit has not addressed the applicability of this standard to civil detainees, other courts have applied the *Turner* analysis to claims brought by civilly committed sexually violent predators. *See, e.g., Phillips v. Palmer*, No. 13-CV-4066-DEO, 2013 WL

3

5771026, at *3 (N.D. Iowa Oct. 23, 2013) (collecting cases). Indeed, the Eighth Circuit has concluded that "[a]lthough an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner." *Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004). The Supreme Court has explained, however, that civil commitment "does not implicate either of the two primary objectives of criminal punishment: retribution or deterrence." *Kansas v. Hendricks*, 521 U.S. 346, 361–62 (1997). Thus, in this context, the Court must evaluate the government's legitimate nonpunitive interests rather than its penological interests. *Daywitt v. Harpstead*, No. 20-CV-1743 (NEB/ECW), 2023 WL 6366610, at *4 (D. Minn. Sept. 29, 2023).

1. **Standing**

As a threshold matter, the Court notes that plaintiff appears to seek relief on behalf of other civil detainees in the SORTS program. Plaintiff lacks standing to do so. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, there is no indication that plaintiff is a licensed attorney. While plaintiff may plead and conduct his own case, 28 U.S.C. § 1654, he may not represent others. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (a person who is not licensed to practice law may not represent another individual in federal court). Thus, to the extent plaintiff intends to assert claims on behalf of other civil detainees, those claims will be stricken.

2. **Official Capacity**

Plaintiff sues defendants in their individual and official capacities. An official-capacity claim against an individual is a claim "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Put another way, a "suit against a public employee

4

in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official . . . capacities sues only the public employer"). Thus, to prevail on his official capacity claims, plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). Generally, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). A plaintiff may, however, sue state officials in their official capacities for prospective injunctive relief. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007); *see also Will*, 491 U.S. at 71 n.10 (stating that a state official is a "person" under § 1983 when sued for injunctive relief because official-capacity claims for prospective relief are not treated as actions against the state).

To determine whether this exception applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *McDaniel v. Precythe*, 897 F.3d 946, 952 (8th Cir. 2018). A suit for injunctive or declaratory relief avoids Eleventh Amendment immunity as long as "the official has some connection to the enforcement of the challenged laws." *Calzone*, 866 F.3d at 869. For the required connection to exist, the named defendant or defendants must possess the authority to enforce the complained-of provision. *Id.*; *Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 957-58 (8th Cir. 2015) ("When a plaintiff brings a pre-enforcement challenge to the

5

constitutionality of a particular statutory provision, the causation element of standing requires the named defendants to possess authority to enforce the complained-of provision.").

Plaintiff seeks prospective injunctive relief in the form of internet access. He alleges that both defendants are "administrative team members" who have personally refused his requests for internet access. Liberally construed, the Court finds that plaintiff has alleged a plausible First Amendment claim against defendants in their official capacities. While defendants may be able to identify a legitimate governmental interest for the restriction on internet usage, plaintiff's allegations are sufficient to survive initial review.

### 3. Individual Capacity

To succeed against defendants in their individual capacities, plaintiff must allege facts demonstrating each defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). As explained above, plaintiff alleges that both defendants have personally restricted his access to the internet. Accepting plaintiff's allegations as true, the Court finds that plaintiff has alleged a plausible First Amendment claim against defendants in their individual capacities.

### Conclusion

Based on a liberal construction of the amended complaint, the Court finds that plaintiff has sufficiently stated a plausible claim to relief against defendants in their individual and official capacities. Plaintiff may not, however, assert claims on behalf of other civil detainees. *See Warth*, 422 U.S. at 499.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue as to defendants Denise Hacker and George Killian by delivering a copy of the summons and the complaint to Denise Thomas at the Missouri Department of Mental Health via her email address: denise.thomas@dmh.mo.gov.

**IT IS FURTHER ORDERED** that to the extent plaintiff intends to assert claims on behalf of other civil detainees, those claims are **STRICKEN**.

*[signature]*
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of May, 2024.