**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DENNIS STRUTTON,

      Plaintiff,

      v.

DONNA ANDERSON,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)

Case No. 4:23-CV-01134-SPM

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Leave to File Exhibits Under Seal (Doc. 80) and Defendants' Proposed Protective Order (Doc. 82). For the following reasons, the Proposed Protective Order will be entered, and the Motion for Leave to File Exhibits Under Seal will be granted in part and deferred in part to permit Defendants to file redacted versions of certain documents.

### I. BACKGROUND

Plaintiff Dennis Strutton is a civilly committed resident of the Sex Offender Rehabilitation and Treatment Services Center ("SORTS"). He brings this action under brings this action under 42 U.S.C. § 1983 against Defendants Donna Anderson (Chief Operations Officer for SORTS) and George Killian (Director of Treatment Services for SORTS), in their official capacities. He alleges that Defendants have failed to provide him with any resources to allow him access to the internet and have refused to allow him access to the internet every time he has tried to obtain access, thereby violating his rights under the First Amendment.

On May 19, 2026, Defendants filed a motion for summary judgment. On the same date, Defendants filed (A) a Proposed Protective Order, which the Court construes as a Motion for

1

Amended Protective Order, and (B) a Motion for Leave to File Exhibits Under Seal, in which Defendants request sealing of all fifteen exhibits submitted in support of Defendants' summary judgment motion. Pursuant to Local Rule 13.05(c), Defendants subsequently filed a redacted version of one exhibit and a memorandum explaining Defendants' position that the other fourteen exhibits cannot be filed in redacted form. The Court will address each motion below.

## II. DISCUSSION

### A. Motion for Amended Protective Order

In its Motion for Amended Protective Order, Defendants request that the Court add certain language to the existing Protective Order. Specifically, Defendants seek to add to the definition of "Confidential Information" and to the list of documents to be marked "ATTORNEY'S EYES only" the following: "Written testimony, such as affidavits or declarations, of S.O.R.T.S. and MDMH staff and treatment providers." Plaintiff has not filed a response to the motion, and the time for doing so has expired. For the reasons stated in the motion, and in the absence of any opposition from Plaintiff, the Court finds good cause to grant the motion and amend the protective order as requested by Defendants.

### B. Motion for Leave to File Exhibits Under Seal

In its Motion for Leave to File Exhibits Under Seal, Defendants seek leave to file all fifteen of their summary judgment exhibits under seal. The exhibits fall into five categories: (1) documents related to Plaintiff's treatment at SORTS (Exhibits 1, 3, 9–13); (2) documents describing SORTS policies and procedures (Exhibits 5–8, 15); (4) the Declaration of Donna Anderson, for which Defendants have submitted a redacted version (Exhibit 14); (4) the Declaration of George Killian, which contains both general SORTS information and information specifically about Plaintiff (Exhibit 2); and (5) Plaintiff's deposition testimony (Exhibit 4).

2

It is well established that "[t]here is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *Id.* (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). *See also United States v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023) (noting that the common-law presumption of public access "is based on the need for the federal courts 'to have a measure of accountability and for the public to have confidence in the administration of justice.'") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). However, this right is "not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Id.* at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). Compelling reasons for denying public access may include protecting the privacy rights of individuals, avoiding professional harm to individuals, and avoiding disclosure of trade secrets. *See, e.g. id.* at 512; *IDT Corp.*, 709 F.3d at 1223-24.

"The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, No. 4:19-CV-03410-SRC, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). In making that decision, "the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223 (quoting *Nixon*, 435 U.S. at 599). If the district court determines that a document contains material that

warrants sealing, it should also "evaluate whether redaction [is] a reasonable alternative to sealing" the entire document. *IDT Corp.*, 709 F.3d at 1224.

### 1. Weight of the Presumption of Public Access

The Eighth Circuit has recognized that "[t]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *Amodeo*, 71 F.3d at 1049). "[J]udicial records and documents generally will 'fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id.* at 1223 (quoting *Amodeo*, 71 F.3d at 1049). The presumption of public access is entitled to "strong weight" for documents that play a role "in determining litigants' substantive rights." *Amodeo*, 71 F.3d at 1049. *See also, e.g., Cambria Co. LLC v. Disney Worldwide Servs., Inc.*, No. CV 22-459 (JRT/JFD), 2023 WL 4559436, at *2 (D. Minn. July 17, 2023) ("The rebuttable presumption of access is harder to overcome for documents filed along with dispositive motions."); *25th St. Grp. Apartments #1, LLC v. Bremer Bank, Nat'l Ass'n*, No. 3:20-CV-167, 2021 WL 9975909, at *1 (D.N.D. Sept. 30, 2021) ("Where the public's interest in access to judicial records is strong, such as documents filed with dispositive motions, the presumption of access is difficult to overcome.") (quoting *Marden's Ark, Inc. v. UnitedHealth Grp.*, No. 19-cv-1653, 2021 WL 1846803, at *5 (D. Minn. Apr. 15, 2021)).

Here, all of the documents at issue were filed in support of Defendants' motion for summary judgment. Without access to these documents, the public will be unable to meaningfully "evaluate the reasonableness and fairness" of the Court's adjudication of Plaintiff's claims. *See IDT Corp.*, 709 F.3d at 1222. Thus, the presumption of public access is entitled to great

4

weight here.

### 2.  Whether Defendants Have Provided Compelling Reasons for Sealing

The Court next considers whether Defendants have provided compelling reasons for keeping these documents under seal. As a preliminary matter, the Court notes that most or all of the documents at issue are subject to this Court's protective orders. However, in providing compelling reasons to justify sealing, it is not sufficient for a party to point out that a document was designated "confidential" pursuant to a protective order. *Blue Buffalo Co., Ltd. v. Wilbur-Ellis Co.*, No. 4:14-CV-859-RWS, 2020 WL 13560167, at *1 (E.D. Mo. June 18, 2020). *See also* E.D. Mo. L.R. 13.05(A)(3) ("The fact that certain information or material has been protected as confidential by parties in a case pursuant to a Protective Order is relevant to, but not dispositive of, whether this information or material will be sealed when filed with the Court."). The Court has considered the protections imposed by the protective order but it does not find those protections dispositive of the question of whether Defendants have shown compelling reasons sufficient to justify sealing. The Court will separately consider the other reasons why Defendants seek to seal each category of documents below.

### a.  *Documents Related to Plaintiff's Treatment (Exhibits 1, 3, 9–13)*

Exhibits 1, 3, 9, 10, 11, 12, and 13 contain information and opinions regarding Plaintiff's psychiatric treatment, his sexual offenses, and/or his sexual abuse victims. Defendants argue that revealing this information to the public at large would reveal protected patient information and that revealing it to Plaintiff could result in his physical retaliation against his treatment providers. They also argue that that filing these exhibits under seal will protect the victims of Plaintiff's crimes. Plaintiff has no objection to the filing of these materials under seal.

Given the very sensitive nature of the material in these documents, the Court finds

Defendants have shown compelling reasons filing them under seal, despite the strong presumption of public access to these documents. The Court also finds that given that nearly all of the content of these documents is sensitive, redaction of these documents is not practical. Accordingly, the Court will grant the motion to seal Exhibits 1, 3, 9, 10, 11, 12, and 13.

      *b.   Documents Describing SORTS Policies and Procedures (Exhibits 5–8, 15)*

Exhibits 5 through 8 and Exhibit 15 describe SORTS policies and procedures and do not contain any specific information about Plaintiff, his fellow SORTS residents, or any victims. Defendants argue that these are private documents whose release could affect the security of the facility. They argue that courts have found the preservation of institutional security of facilities housing dangerous criminals serves as a compelling interest supporting the decision to seal portions of the record, relying on *Goff v. Graves*, 362 F.3d 543, 550 (8th Cir. 2004), and *Ochs v. Thalacker*, 90 F.3d 293, 296 (8th Cir. 1996). Defendants argue that although SORTS is not a correctional facility, it is a highly secure facility housing sexually violent predators and is subject to the same security interests as a correctional facility. Plaintiff opposes the sealing of these documents, arguing that they are general treatment and policy documents that do not reveal private information about Plaintiff or any victims

The cases on which Defendants rely provide no support for sealing these documents. *Ochs* does not address sealing or confidentiality issues at all. *Goff* does address sealing, but it does not support the proposition that general institutional policies or procedures should be filed under seal. In *Goff*, the Eighth Circuit found the district court did not abuse its discretion by sealing "certain evidence, including depositions from confidential prison informants" based on a finding that the preservation of institutional security and the protection of confidential informants from acts of retaliation for giving evidence were compelling interests that necessitated sealing. 362 F.3d at

550,550. Nothing in *Goff* indicates that district court sealed any documents that merely described general prison policies or procedures. Moreover, in *Goff*, the Eighth Circuit emphasized that "only a minor portion of the evidence ha[d] been sealed" and that "this evidence was sealed only after it was determined that redaction would be insufficient to protect prison security and informant safety." *Id.* Here, in contrast, Defendants are asking the court to seal virtually all of the evidence in this case, and they have made almost no attempt to redact information even where redactions appear to be possible.

The Court acknowledges that there are situations in which the release of documents describing general prison policies or procedures might pose security concerns. *See, e.g., Vaughn v. Gullett*, No. 4:19-CV-02566 JAR, 2021 WL 2517822, at *2 (E.D. Mo. June 17, 2021) ("In addressing requests for prison policies and procedures, courts have distinguished between disclosure of information that amounts to definitions of general responsibilities, and security-sensitive information such as escape prevention measures, maps and diagrams of the prison facility, or alarm procedures.") (internal citations and quotation marks omitted). The documents at issue here concern policies and procedures regarding matters such as residents' access to television, news sources, computers, and outside vendors. It is not apparent to the Court how the release of any information in these documents could pose a security concern, nor have Defendants explained why this might be the case. Moreover, this information is highly relevant to the substance of Plaintiff's First Amendment claims, Thus, the Court finds Defendants have not shown compelling reasons to seal Exhibits 5, 6, 7, 8, or 15.

The Court is very skeptical that any material in these documents needs to be redacted. However, out of an abundance of caution, the Court will give Defendants the opportunity to file proposed redactions in the public record before completely denying the motion to seal these

7

documents. Any proposed redactions should be narrowly tailored, should not redact any information already publicly available, and should be otherwise consistent with this Memorandum and Order.

### c.  *The Declaration of Donna Anderson (Exhibit 14)*

Exhibit 14, the Declaration of Donna Anderson, contains only very general information about SORTS. Defendants have filed in the public record a redacted version of this document that redacts from this Declaration only Plaintiff's name and Ms. Anderson's handwritten signature. Although it is unclear to the Court why either of those items needed to be redacted, the redacted version retains all of the information necessary for the public to understand and evaluate the exhibit and this case. The Court will thus grant the motion for leave to file the unredacted version of Exhibit 14 under seal.

### d.  *The Declaration of George Killian (Exhibit 2)*

Exhibit 2, the Declaration of George Killian, contains both (a) general information about SORTS and its policies, and (b) specific information about Plaintiff, his history at SORTS, and Mr. Killian's opinions about Plaintiff. Defendants argue that the sealing of this information protects Plaintiff's privacy rights and protects Mr. Killian from potentially violent retaliation from Plaintiff. They also argue that the Declaration includes information regarding Plaintiff's opinions on his sexual offenses and victims that, if publicly available, could further traumatize the victims of Plaintiff's sexual assaults. Defendants also argue that filing this document in the public record could allow SORTS residents to access this personal information about Plaintiff, creating a significant safety and security risk for Plaintiff, other residents, and staff. Defendants argue that redactions are not possible because the entire document would need to be redacted, creating a highly illegible document. Plaintiff does not oppose the filing of this document under seal.

8

Defendants have not shown any compelling reasons for sealing Exhibit 2 in its entirety. Much of the document describes SORTS policies and procedures generally. The parts that discuss Plaintiff specifically do not appear to discuss highly sensitive treatment information or information regarding Plaintiff's victims. Additionally, much of the information in Exhibit 2 has already been disclosed publicly in Defendants' Statement of Uncontroverted Material Facts (Doc. 84-1).

The Court struggles to identify any information in Exhibit 2 (and not already publicly revealed) that could further traumatize the victims of Plaintiff's sexual assaults, that could subject Mr. Killian to retaliation from Plaintiff, or  that could pose a security risk to Plaintiff, residents, or staff. However, out of an abundance of caution, the Court will give the Defendants the opportunity to file a proposed redacted version of Exhibit 2 in the public record. Any proposed redactions should be narrowly tailored, should not redact any information already publicly available, and should be otherwise consistent with this Memorandum and Order.

e.   *Plaintiff's Deposition Testimony  (Exhibit 4)*

Exhibit 4 is the 232-page transcript of Plaintiff's deposition. Defendants argue that the deposition contains very sensitive information regarding Plaintiff's sexual offenses and victims, personal medical and psychiatric history, and information about his sexual offense victims. They argue that the sealing of this document protects Plaintiff's personal privacy rights and the privacy of his sexual abuse victims who are identified repeatedly, with his thoughts on the offense, throughout his deposition. Defendants also argue that public filing of this information could allow SORTS residents to access Plaintiff's personal information, creating significant safety and security risk for Plaintiff, residents, staff, and the institution. Defendants argue that redactions would require that the majority of the transcript be redacted, thus creating an illegible and out-of-context document. Plaintiff does not oppose the sealing of this document.

After review of Plaintiff's deposition, the Court does not find compelling reasons for keeping Exhibit 4 entirely under seal. The deposition does contain some potentially sensitive information regarding Plaintiff and his offenses. However, the deposition also contains a great deal of non-sensitive information, including Plaintiff's testimony regarding what access he does and does not have to news, movies, television, computers, phones, games, and the internet as a SORTS resident; why he wants access to the internet; what educational courses and jobs he has completed while at SORTS; what jobs he has worked while at SORTS; what hobbies he engages in while at SORTS; and what vendors he can order things from as a SORTS resident. Much of this information is highly relevant to the substance of Plaintiff's First Amendment claims, and Defendants offer no rationale for sealing any it. Given the large portions of the deposition that contain no sensitive information, Defendants' argument that it cannot be effectively redacted is without merit.

Because this document appears to contain both material that should not be sealed and material that should be sealed, Court will give Defendants the opportunity to file proposed redactions in the public record before completely denying the motion to seal these documents. Any proposed redactions should be narrowly tailored, should not redact any information already publicly available, and should be otherwise consistent with this Memorandum and Order.

### III. CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendants' Proposed Protective Order (Doc. 82) is **GRANTED**. The Court will separately enter an amended protective order reflecting the requested additions.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Exhibits Under Seal (Doc. 80) is **GRANTED IN PART and DEFERRED IN PART**. With respect to Exhibits

10

1, 3, 9, 10, 11, 12, 13, and 14, the motion is **GRANTED**. These exhibits shall remain under seal indefinitely, until further order of the Court.

With respect to Exhibits 2, 4, 5, 6, 7, 8, and 15, the Court will defer ruling on the motion until Defendants have had the opportunity to file proposed redacted versions. Defendants shall file in the public record proposed redactions consistent with this Memorandum and Order no later than **Thursday, July 9, 2026**. If Defendants fail to file proposed redactions, or if the Court finds Defendants' proposed redactions are overly broad, the Court may deny the motion to seal as to some or all of these documents.[1]

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of June, 2026.

---

[1] In the event that the Court denies the motion to seal any exhibit, the Court will stay that ruling to permit Defendants to either withdraw the exhibit or appeal the Court's ruling, pursuant to Local Rule 13.05(A)(4)(g).

11